**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK S. D'AGOSTINO, | 3:12-cv-00065-RCJ-WGC |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| LISA WALSH, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss. (Doc. # 27; *see also* Doc. # 42, Errata to Mot. to Dismiss indicating that motion inadvertently failed to name defendants Habberfield and Reed.)[1] Plaintiff has opposed the motion (Doc. # 31) and Defendants replied (Doc. # 32). In addition, defendant Jeffrey Wiley filed a joinder in Defendants' motion and reply. (Doc. # 33.) Plaintiff has opposed the joinder (Doc. # 36) and defendant Wiley filed a reply (Doc. # 37). After a thorough review, the court recommends: (1) Jeffrey Wiley should be permitted to join in Defendants' motion; therefore, Plaintiff's request to strike the joinder should be denied; and (2) Defendants' motion to dismiss be granted.

///

///

---

[1] Refers to court's docket number.

## I. BACKGROUND

At all relevant times, Plaintiff Frank S. D'Agostino was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., Doc. # 14, at 1.)(*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are James Cox, Anita Habberfield, E.K. McDaniel, Debra Noel, Rex Reed, Steven Suwe, Elizabeth Walsh, and Jeffrey Wiley. (*See* Doc. # 6, Doc. # 14.)

On screening the court determined that Plaintiff states two claims. (Doc. # 6.) First, in Count II, the court found that Plaintiff states a colorable claim for deliberate indifference to a serious medical need under the Eighth Amendment in connection with his allegation that he has been transferred to facilities within the prison system that are incompatible with his health condition. (*Id.*) Specifically, Plaintiff alleges that he is being held at Lovelock Correctional Center (LCC) despite an alleged medical order that precludes his being held in a facility where helicopter transport would be required should he suffer another heart attack.

Second, in Count III, Plaintiff alleges that he was subjected to sexual assault and battery by defendant Wiley, which the court determined states a colorable claim under the Eighth Amendment which prohibits cruel and unusual punishment. (Doc. # 6; Doc. # 14 at 13-15.)

Defendants now move to dismiss this action, arguing that Plaintiff failed to properly exhaust his administrative remedies before filing his Complaint. (Doc. # 27.)

## II. LEGAL STANDARD

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion"

refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion.' Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires complying with the inmate grievance procedure set forth in NDOC Administrative Regulation (AR) 740. (Doc. # 27 at 3-4, 36-47 (Ex. D).) Under the version of AR 740 effective during the time period in question, the procedure consisted of: (1) an informal level grievance; (2) a first level grievance; and (3) a second level grievance. (*Id.*)

///

3

### III. DISCUSSION

**A. Joinder of defendant Wiley**

The motion to dismiss was initially filed on behalf of defendants James Cox, E.K. McDaniel, Debra Noel, Steve Suwe, and Elizabeth Walsh, on December 17, 2012. (Doc. # 27.) On January 8, 2013, defendant Jeffrey Wiley filed a joinder to Defendants' motion and reply. (Doc. # 33.) Plaintiff opposed the joinder. (doc. # 36.) He argues that the joinder was filed without citing any legal authority. (*Id.*) In addition, he argues that defendant Wiley has not made an appearance in the action. (*Id.*) Defendant Wiley filed a reply memorandum, wherein he argues that he was served with the summons and Complaint on December 18, 2012 (referencing Doc. # 29), and his joinder constitutes his appearance and submission to the jurisdiction of the court. (Doc. # 37.)

Defendant Wiley is correct that the motion to dismiss was filed on December 17, 2012. (Doc. # 27.) Two days later, the United State's Marshal's Office filed a return of service indicated that defendant Wiley was served on December 18, 2012, a day after the motion to dismiss was filed. (*See* Doc. # 29.) Therefore, he could not have joined in the motion prior to that time. His joinder in the motion is proper, and constitutes his appearance in this action. The motion to dismiss is based on Plaintiff's alleged failure to exhaust his administrative remedies, and not on any defense particular to defendant Wiley. Therefore, Plaintiff is not prejudiced by defendant Wiley's subsequent joinder. To the extent Plaintiff seeks an order striking his joinder, that request should be denied.

**B. Plaintiff has failed to exhaust his administrative remedies**

Defendants argue that Plaintiff has filed one grievance since 2009, grievance number 2006-29-20096, which does not relate to either of Plaintiff's claims in this action. (Doc. # 27.) Accordingly, they assert that he has failed to exhaust his administrative remedies and his Complaint must be dismissed. (*Id.*)

Plaintiff opposes Defendants' motion. (Doc. # 31.) First, Plaintiff argues that the court cannot rely on the exhibits attached to Defendants' motion without converting it to a motion

4

for summary judgment, and if the court does so, he requests notification. (*Id.* at 3-4.) Second, Plaintiff argues that the motion cannot be granted because the court has found that Plaintiff has stated two claims after screening Plaintiff's Complaint. (*Id.* at 5.) Third, Plaintiff asserts that he did indeed exhaust his administrative remedies when he filed all three levels of grievance 2006-29-20096. (*Id.* at 5- 6.) In that respect, he claims that he was not required to specify all of the facts regarding the issues for which he is seeking relief via a grievance. (*Id.* at 6.) Finally, he contends that the Attorney General's Office cannot assert any arguments on behalf of defendant Wiley since it did not accept service on his behalf. (*Id.* at 7.)

Plaintiff's argument that the court may not consider the exhibits attached to Defendants motion without converting it to a motion for summary judgment and providing Plaintiff with notification of an intent to do so is without merit. As indicated above, a court, in deciding a motion to dismiss based on failure to exhaust administrative remedies, *may* look beyond the pleadings and *may* decide disputes issues of fact *without* converting the motion into one for summary judgment. *See Wyatt*, 315 F.3d at 1119 (citation omitted).

While the court found that Plaintiff states two *colorable* claims upon screening the Complaint, this merely means that Plaintiff *alleged* sufficient facts to state colorable claims and therefore, the action could proceed. This determination in no way deprives Defendants of their right to raise the affirmative defense of failure to exhaust administrative remedies.

Next, Plaintiff's argument that the defense may not be asserted on behalf of defendant Wiley is premised on the same argument he asserts in his opposition to the joinder. This argument must be dismissed for the reasons stated above. *See infra* at § 3.A.

The court will now turn to its substantive analysis of the sufficiency of Plaintiff's grievance.

The main purpose of an inmate grievance "is to alert the prison to a problem and facilitate its resolution, not to lay the groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009); *see also Sapp v. Kimbrell*, 623 F.3d 813, 922 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for

5

1  which the prisoner seeks redress."); *Jones*, 549 U.S. at 218 ("Compliance with prison grievance
2  procedures…is all that is required by the PLRA to 'properly exhaust.' The level of detail
3  necessary in a grievance to comply with the grievance procedures will vary from system to
4  system and claim to claim, but it is the prison's requirements, and not the PLRA, that define
5  the boundaries of proper exhaustion.").

6  Defendants have submitted the declaration of Margaret Whittington, who certifies that
7  she has attached a copy of the report listing and summarizing all grievances filed by Plaintiff
8  from January 2009 through October 2012, confirming that Plaintiff has filed one grievance
9  during this time period. (Doc. # 27 at 33-34.) She also certifies that Exhibit B to Defendants'
10 motion is a true and correct copy of the grievance log for the only grievance filed by Plaintiff.
11 (*Id.* at 34 ¶ 6.)

12 The court has reviewed the grievance documentation submitted by Defendants which
13 confirms that Plaintiff filed only one grievance during the relevant time period, grievance
14 2006-29-20096. (Doc. # 27 Ex. A and Ex. B.) In the informal level of this grievance, Plaintiff
15 takes issue with his placement in segregation for allegedly being part of an escape plot, which
16 he disputed. (Doc. # 27 at 29-31 (Ex. B).) He also includes a request to have his record cleared
17 that bears no apparent relevance to his claims in this action. (*Id.*) While he mentions in the
18 informal level grievance that he is a cardiac patient and that stress is not good for his health,
19 he does not put prison officials on notice that he is making a claim related to his placement at
20 LCC and any deleterious effect on his health. Nor does he reference any order regarding his
21 health care and where he must be housed. There is also no mention of the sexual assault and
22 battery allegations contained in this action at the informal level.

23 The first level statement for this grievance is thirteen pages, and again relates to an
24 escape plot for which Plaintiff claimed he was being improperly punished. (Doc. # 27 at 15-27.)
25 Plaintiff makes reference to defendant Walsh, but it is in the context of a "phony investigation"
26 and he accuses her of retaliation. (*Id.*) Plaintiff also mentions being a cardiac patient and even
27 includes a reference to "threats of physical harm & sexual assault (Lt-Wiley)" but this is not the
28

focus of Plaintiff's grievance.(*Id.* at 17-18, 26.) Instead, the grievance relates to Plaintiff's claim that Lisa Walsh has some sort of vendetta against Plaintiff which is why she was claiming that Plaintiff was involved in an escape plot. (*Id.*)

Plaintiff's second level statement for this grievance requests that his files be cleaned up. (Doc. # 27 at 11.) Plaintiff mentions entries in a computer system that he is an escape risk which he claims are not true. (*Id.* at 12.)

In this case, it is clear that Plaintiff's grievance was centered on Plaintiff's allegation that he had been wrongly accused of being involved in an escape plot, which resulted in his placement in segregation and the inclusion of various statements in his file which he disputed. While he makes vague reference to a sexual assault and his heart condition, his fleeting mention of these things is a far cry from putting the prison on notice of these problems so that a resolution could be facilitated.

In sum, the court agrees with Defendants that Plaintiff has failed to properly exhaust his administrative remedies prior to filing suit, and recommends dismissal of this action without prejudice.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **DENYING** Plaintiff's request to strike defendant Wiley's joinder to Defendants' motion to dismiss; and

(2) **GRANTING** Defendants' motion so that this action is **DISMISSED WITHOUT PREJUDICE**.

///
///
///
///
///
///
///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: June 6, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE